The Honorable Joe Wray Prosecuting Attorney Tenth Judicial District 101 North Cherry, P.O. Drawer 32 Hamburg, Arkansas 71646
Dear Mr. Wray:
This is in response to your request for an opinion on two questions involving actions brought under A.C.A. § 6-18-222 (1994-1995 Adv. Code Serv.) as amended by Act 572 of 1995. That statute subjects the parents of excessively absent school children to civil penalties. You note that this statute provides ". . . the student's parents, guardians, or persons in loco parentis shall be subject to a civil penalty in such an amount as a court of competent jurisdiction . . . may prescribe, but not to exceed five hundred dollars ($500) plus costs of court and any reasonable feeassessed by the court." Emphasis yours. Your two questions in this regard are as follows:
 1. Can a deputy prosecuting attorney seek attorney fees, above and beyond costs of court, for an action brought under A.C.A. § 6-18-222 or is A.C.A. § 6-10-104[1] controlling?
 2. If a deputy prosecuting attorney can be awarded attorney fees, for example $250, to whom shall the money be paid?
I must note that I cannot provide an answer to the questions posed for two reasons. First, the statute itself states that "any reasonable fees" may be assessed by the court. The decision, therefore, as to whether attorneys fees are "reasonable" and may be assessed by the court, is a matter within the sound discretion of the trial judge. This office cannot opine as to the concrete legal effect of a statute which does nothing more than leave an issue within the discretion of a judge. Second, the questions you have posed have been presented in a pending case and will ultimately be decided by a judge. You have enclosed with your request a copy of a summons and complaint against the parent of an excessively absent child, wherein your office has requested reasonable attorneys fees. According to my information, a hearing is scheduled for August 17, 1995, on this matter. This office's longstanding policy against opining upon matters which are the subject of pending litigation therefore precludes a response to your questions.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have noted that this statute, which appears in the "School Law," states that for prosecuting violators of the "School Law" "the prosecuting attorney shall be allowed the same compensation as he is allowed in cases of misdemeanor, which shall be assessed against the offender as cost." This statute is not, in my opinion, relevant to the questions at hand.